## NUMA KECK ET AL. v. A. C. WOODWARD ET AL.

*Decided January 16, 1909.*

**1.—Patentee—Identity—Proof.**

In an action of trespass to try title wherein the land in controversy was claimed by two different sets of heirs having ancestors of the same name as the patentee, evidence considered, and held sufficient to support a verdict in favor of the plaintiff heirs.

**2.—Evidence—Land Office Records—Ancient Instrument—Custody.**

To render a document admissible in evidence as an ancient instrument it is only necessary that it be found in a place in which it might reasonably and naturally have been deposited. Rule applied to a letter on file in the

General Land Office but not among the papers of the particular survey to which it related.

### 3.—Evidence—Records of Land Office.

Testimony of the Commissioner of the Land Office that a certain letter on file in his office appeared to have been folded and sealed with sealing wax and sent unenclosed in an envelope, and that the records of his office show that it was customary to send letters in that way in 1845, did not violate the rule that parol testimony is not admissible to prove the contents of a written instrument; nor was it objectionable as being an opinion of the witness as distinguished from a statement of fact.

### 4.—Evidence—Family History.

Upon the issue of the identity of plaintiffs' ancestor with the patentee of the land in controversy, it was competent to prove by family history that the ancestor was in Texas at and before the time the right to the land accrued.

### 5.—Same—Declaration of Ancestor—Statute Construed.

In an action of trespass to try title, where the plaintiffs and the defendants claim the land in controversy under different ancestors and the issue is as to the identity of one or the other ancestor with the patentee, the testimony of one of the heirs as to statements by her ancestor concerning the land, was not in violation of the provisions of art. 2302, Rev. Stats., prohibiting heirs from testifying in certain cases, nor was said testimony subject to the objection that it was self-serving.

### 6.—New Trial—Newly Discovered Evidence.

Motion for new trial upon the ground of newly discovered evidence, considered, and held insufficient because the newly discovered evidence was merely cumulative, and for the want of diligence in discovering the same.

Error from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Love & Channell,* for plaintiffs in error.

*Don A. Bliss, E. B. Pickett, Jr.,* and *N. A. Rector,* for defendants in error.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title, the land involved being a 1280 acre survey in Liberty County originally granted to Francis Smith. The defendants in error claim under Francis Smith, who came to Texas from the State of Arkansas and settled in Fayette County, in this State, in 1838, where he died in 1846. Plaintiffs in error claim under Francis Smith, who came to Harrisburg, in Harris County, Texas, some time prior to 1838, and lived there until some time in the 40s, when he moved to Liberty County, Texas, where he died about 1850. The only issue as to title raised by the evidence is which of these men was the grantee in the certificate upon which the land in controversy was patented. Some of the defendants in error were plaintiffs in the court below and the others were defendants seeking affirmative relief against the original defendants, plaintiffs in error here, therefore the burden of showing title was upon the defendants in error. The cause was tried by a jury and a verdict and judgment rendered in favor of defendants in error for all of the land claimed by them.

Succinctly stated, the facts disclosed by the record are as follows:
The patent to the land in controversy was issued on January 13,

1846. The conditional certificate for the land was issued to Francis Smith on May 4, 1838, by the Board of Land Commissioners for Harrisburg County sitting at Harrisburg. The unconditional certificate upon which the patent issued was issued by the Board of Land Commissioners for Harris County on July 7, 1841. The evidence shows that at the time these certificates were issued the Francis Smith under whom plaintiffs in error claim lived at Harrisburg, in Harrisburg, or Harris, County, the name of the county having been changed from Harrisburg to Harris between the dates of the issuance of said certificates. There is an endorsement upon the conditional certificate made by the chief clerk of the General Land Office on July 23, 1841, to the effect that the certificate "had been delivered to the claimant for the purpose of enabling him to obtain an unconditional one," and that "the whole amount of land as called for by it had been surveyed and the field notes returned to the General Land Office."

There is in the General Land Office, on file with the other papers connected with the survey, a power of attorney from Francis Smith to Archibald Wynns, of date September 16, 1841, authorizing said Wynns to obtain a patent for the land to which the grantor is entitled by virtue of the unconditional certificate before mentioned, said certificate being referred to and fully described in said power of attorney. There is also in this file a power of attorney from Francis Smith to Doc Levi Jones, dated at Liberty, Texas, August 30, 1845, empowering the said Jones to obtain the patent to which the grantor is entitled by virtue of survey made "upon certificate No. ——, issued by the Board of Land Commissioners for the county of ————." The certificate is not further identified and no description of the land is given in this instrument. In another file of the Land Office designated as "Miscellaneous Powers of Attorney" the following letter is found:

"Liberty, Dec. 10, 1845.

"Mr. Wynns:

"Dr. Sir: I recd. your communication bearing date Oct. 28th and Nov. 22nd about the same time, and according to your advice I have obtained a sketch of that part- of the map containing my survey, which sketch you will find inclosed, and as you have a power of attorney for the business you can proceed to obtain the patent and if you succeed in getting it before the next term of the District Court of Liberty County (unless you meet with a sure opportunity of sending it to me before that time) you had better retain it until you come over yourself to court. I also sent you the survey of Rodoff Rector, the filed notes of which are deposited in the city surveyor's office, but which is not on the map of Libty Cty the land office which survey you will find north of my own upon the sketch inclosed. With best wishes for prosperity and health, I remain, your friend, etc., Francis Smith.

"Dec. 14 I failed to meet the mail with this, and now that my són, Wager S. Smith, will be coming down soon, and if you have any patents ready you can send by him. I am quit sick, had a chill today.

"Yours, F. S."

This letter has upon it the following endorsements: "Miscellaneous Powers of Attorney.    File No. 1031."    Also endorsed in pencil: "This is nothing like a power of attorney, but only a letter directed to a party not connected with the land office.    Apr. 5/75 'Grooms." Also endorsed on the back in lead pencil: "Handed me by Col. Ward to draw patent."    Also is endorsed: "A. Wynns, Esq., Atty- at Law, Houston, Texas."    Also endorsed on it the word: "Austin."

At the time this letter was written Col. T. W. Ward was Commissioner of the General Land Office.    It was shown that the records of the Land Office disclosed that the examining clerk in said office in 1875 was named Grooms.    There is also on file in the Land Office the following letter from Francis Smith to Col. T. W. Ward:

"Houston, June 15th, 1841.

"Col. T. W. Ward,
    "Dear Sir:  ·
        "I wish to ask a favor at your hands which I know your accommodating disposition and desire at all times to favor your friends when you can make it convenient to do so, will not allow you to refuse.    About the first of May, 1838, I received a second class conditional certificate for twelve hundred and eighty acres of land; the certificate has been located and returned to your office.    A law passed at the last session of Congress makes it necessary that I shall prove up the certificate the second time to it by compliance with the conditions of the law &c but this I cannot do without the certificate, as I am informed by the county court which is now the Board of Land Commissioners.    The favor which I wish to ask of you is that you be so good as to forward to me the above named certificate, in order that I may prove it up and obtain my patton without further difficulty.    If you cannot find any trusty hand by which you can intrust it, send it by the first mail and I will be under a great obligation to you for your trouble.

"Your most obedient servant, &c.,
        "Francis Smith."

This letter has on it the following: "Rec'd. June 22nd, 1841." "Certificate sent by mail June 23, '41."

The letter from Francis Smith to Wynns, above set out, appears to have been sent without being inclosed in an envelope, as there is evidence on the letter of its having been sealed with sealing wax, which was the custom at that time, as shown by old letters on file in the Land Office.    The letter from Smith to Col. Ward was not inclosed in an envelope, but was sealed with wax.    The field notes of the survey, which were made on August 6, 1838, have this endorsement thereon: "Can not be platted on map till all connecting surveys are returned to the Land Office.    (Signed) Hector, Sept. 1845."    The evidence shows that the draftsman in the Land Office at that time was named Hector, and that the field notes of all surveys had to be approved by him before a patent would issue.

The map of Liberty County shows that the Rector survey men-

tioned in the letter from Smith to Wynns adjoins the survey in controversy on the north.

The Francis Smith under whom the defendants in error claim, as before stated, settled in Fayette County in 1838. He had a son, Wager S. Smith, who came to Texas a short while before his father, and in 1845 and 1846 lived in Burleson County. This Francis and Wager Smith, when they first came to Texas, remained for several months in San Augustine County. Mrs. A. C. Woodward, one of the defendants in error and a daughter of Wager S. Smith, testified that during the Christmas holidays in 1845 her grandfather, Francis Smith, came to her father's home in Burleson County, on his way from Liberty, Texas, to his home in Fayette County; that he was sick while at her father's house and told her father that he had been sick while at Liberty; had had a chill while there; and also told him that he had come down to sell his land, but that he got sick and could not do anything with it, and that he wanted him (witness's father) to take care of it for him. He left her father's the next day and went home, and died in about two weeks. This witness further testified that after the death of her grandfather and grandmother her father asserted claim to the land in controversy. There was no possession of the land or payment of taxes by either the plaintiffs in error or the defendants in error until shortly before this litigation was begun.

In addition to the evidence before referred to showing that the Francis Smith under whom plaintiffs in error claim was a resident of Harrisburg, or Harris, County at the time the conditional and unconditional certificates were issued, plaintiffs in error introduced in evidence the following endorsement upon the conditional certificate: "I hereby authorize Wm. A. Schouter to locate the land of the above certificate for my account. Harrisburg, 14th of July, 1838. Francis Smith."

They also introduced from the archives of the Land Office the following instruments:

1st. The following conditional certificate:

"No. 555. Class 2. Republic of Texas, County of San Augustine. This is to certify that Francis Smith has appeared before us, the Board of Land Commissioners, for the county of San Augustine, and proved according to law that he arrived in this Republic subsequent to the Declaration of Independence in September, A. D. 1837, and that he is a married man, and is entitled to 1280 acres of land, to be surveyed after the 1st day of August, 1838. Given under our hands at San Augustine, this June 8th, 1838. Signed ........... President. Attest, Chas. ..........; Nathaniel Hume, Associate Commissioner; Attest, John C. Burke, Clk. Indorsed No. 4, File 37, Shelby County, second class conditional Cft. Francis Smith."

The names which should appear in the blank spaces before the word President and after the word Chas. are not legible.

2d. Field notes of a survey of 1280 acres in Shelby County made for Francis Smith by David Hill, August 12, 1838, by virtue of the certificate above mentioned. Upon these field notes is found the following endorsements:

"Filed for examination, 16 October, '38; I further certify that I

haxe examined the within field notes and plat and find them correct and proven according to law. January 18, 1839. Rush Hooper, Cty. Sur. for Shelby Co. Tex." "Correct;" "Map of Harrison County. Rector, October '45; File 37, Shelby County, 2nd. class, field notes 1280 acres, Francis Smith. Patented Oct. 1847. (Signed) J. W. Johnson."

3d. A conditional certificate for 1280 acres issued by the Board of Land Commissioners for San Augustine County to Wager S. Smith on June 8, 1838.

4th. Field notes of survey made for Wager S. Smith by David Hill on August 4, 1838, by virtue of above certificate.

It was also shown that unconditional certificates were issued for these lands to the said Wager S. Smith and Francis Smith by the Land Board of Fayette County on January 5, 1846, and patents were issued thereon.

In connection with the papers before mentioned plaintiffs in error also introduced a power of attorney from Francis Smith to David Hill, dated January 6, 1846, authorizing him to procure the patent to his headright survey of 1280 acres in Harrison County. This instrument was executed in Fayette County and recites that the grantor is a resident of that county.

They also introduced a deed from the Francis Smith under whom they claim to his wife, Mary Ann Smith, conveying a tract of land in Liberty County. This deed is executed in 1844.

W. J. Zeiss, for plaintiffs in error, testified that he had been in the banking business for about ten years, and as bank cashier had had considerable experience in examining and comparing handwritings and signatures and thought he was competent to testify as an expert on handwriting. He examined the signatures to the several instruments before set out, and gave it as his opinion that the signature to the deed, Francis Smith to Mary Ann Smith and those to the powers of attorney to Doc Levi Jones and Archibald Wynns, were written by the same person. He did not think the signature to the letter from Francis Smith to Archibald Wynns was written by the same person that signed the powers of attorney, nor by the same person who signed the letter from Francis Smith to Col. T. W. Ward, before set out.

We are of opinion that the evidence above set out is sufficient to sustain the finding of the jury that the Francis Smith under whom defendants in error claim was the person to whom the land in controversy was granted, and that such finding is not so against the overwhelming weight of the evidence as to authorize this court to disturb the verdict. This conclusion disposes of the assignments attacking the verdict on the ground that it is not sustained by the evidence and is against the overwhelming weight and preponderance of the evidence, and said assignments are overruled.

The first, second and fourth assignments of error complain of the ruling of the trial court permitting defendants in error to introduce in evidence, over the objections of plaintiffs in error, the letter from Francis Smith to Archibald Wynns and the endorsements thereon before set out. The questions raised under these assignments were

all passed upon by the Court of Civil Appeals for the Fourth District upon a former appeal of this case. (Woodward v. Keck, 97 S. W., 852.) We are satisfied of the soundness of the conclusions reached in the opinion referred to and do not care to add anything to what is there said upon the questions raised by these assignments.

The third assignment complains of the refusal of the court to permit the plaintiffs in error to show by the witness, J. T. Robinson, that the records and files in the General Land Office at the present time show the manner in which papers pertaining to the different land grants were kept in 1845, and that as shown by said records the custom prevailing in 1845 was the same as that now followed, which requires that all papers which pertain to specific grants of land shall be placed in a separate file, marked and designated by the name of the grantee, the county where the land is located, the file number of the grant, and the class of the certificate, and that the file known as Miscellaneous Powers of Attorneys' File was not used for the purpose of keeping papers which pertain to specific grants, but only for the deposit of such papers as pertain to more than one grant with nothing on them to indicate that they belonged more to one grant than the other.

If there was error in the ruling of the court complained of in this assignment it could not have been prejudicial to plaintiffs in error. The letter mentioned when considered in connection with the undisputed evidence in the case, unquestionably referred to the land in controversy, and such being the case the testimony of witness Robinson, which was before the jury, shows that said letter was not in the proper file. This fact was before the jury for whatever it was worth on the question of the genuineness of the letter, and the excluded evidence would have added nothing upon that issue. The fact that the letter was not found in the proper file did not render it inadmissible as an ancient instrument. All that is necessary is that it should have been found in a place where it might reasonably and naturally have been deposited, and we think this requirement is met by the showing that it was found in the office where it should have been filed.

The fifth assignment, which complains of the ruling of the court permitting the witness, J. J. Terrell, to testify that the letter from Francis Smith to Wynns appeared to have been sent uninclosed in an envelope, and that the records of his office show that it was customary to send letters in that way in 1845, is without merit. The fact that letters on file in the Land Office and received there at the time mentioned are folded and sealed with sealing wax, could be proven by parol testimony of the keeper of the records without violating the rule as to proof of the contents of written instruments by parol testimony. The statement of the witness that the letter in question appeared to have been so sent was the statement of fact and not the opinion of the witness.

The questions presented by the sixth, seventh and eighth assignments were determined upon the former appeal adversely to the contentions of plaintiffs in error, and, upon the authority of the opinion before referred to, said assignments are overruled.

The ninth assignment of error is without merit. If the admission of the testimony complained of was error, said testimony could not possibly have influenced the jury in arriving at their verdict, and its admission was therefore not prejudicial to plaintiffs in error.

The tenth assignment complains of admission in evidence of the testimony of Mrs. Woodward, "that according to family history her grandfather came to Texas in the 30s." There was no error in admitting this testimony. Upon the issue of the identity of this Francis Smith with the person to whom the certificate was granted, the fact that the Francis Smith under whom defendants in error claim was in Texas at and before the time of the issuance of said certificate was relevant, and it was competent to prove that fact by family history. (Byers v. Wallace, 87 Texas, 503.)

It was shown by other uncontradicted evidence, which was not objected to, that the Francis Smith under whom defendants in error claim came to Texas in 1837 or 1838, and if the evidence complained of. in the assignment was inadmissible its admission was harmless error.

The eleventh and twelfth assignments complain of the admission in evidence of the testimony of Mrs. Woodward that her grandfather told her father, when he came to their home in Burleson County, that he had been sick at Liberty, had a chill while there, and that he was too sick to attend to the sale of his land. The admissibility of this testimony is not affected by the provisions of article 2302 of the Revised Statutes. That article only applies in suits in which the cause of action or the defense asserted grows out of a transaction with the deceased, and has no application in suits involving the issues presented in this suit. The objection that the testimony should have been excluded because self-serving is without merit. (Byers v. Wallace, 87 Texas, 503.)

The thirteenth and fourteenth assignments assail the verdict on the ground that it is against the great weight and preponderance of the evidence. These assignments can not be sustained. The jury have, under proper instructions, passed upon the credibility of the witnesses and the weight of the evidence, and upon the evidence before set out we are not authorized to disturb the verdict.

The fifteenth assignment complains of the refusal of the court to grant a new trial on the ground of newly discovered evidence. The evidence for which the new trial was sought consisted of two deeds found upon the deed records of Harris County. The first is a deed from N. J. Dobie to Francis Smith, executed on July 14, 1837, conveying land in the town of Harrisburg, and the second a deed from Francis Smith and his wife, Mary Ann Smith, executed on September 13, 1842, conveying the same land to John Hermann. This testimony would only be admissible as a circumstance tending to show that the Francis Smith under whom plaintiffs in error claim lived at Harrisburg, or Harris, County at the time the certificates for the land were issued and thereby identifying said Smith with the Francis Smith to whom the certificates were issued. Other uncontradicted evidence in the case justified the finding that the Francis Smith under whom plaintiffs in error claim resided in Harrisburg at the

time the certificates were issued, and the newly discovered evidence would only be cumulative and would not probably affect the verdict upon another trial.  In addition to this, no sufficient diligence was shown in the discovery of the evidence.  The plaintiffs in error say in their motion for a new trial that they had caused the deed records of Harris County to be examined before the trial of the cause, but failed to find any deeds from Francis Smith in the index to said records, "but that there has recently been perfected in Harris County a new and correct system of indexes to the deed records of said county and that upon an examination made since the trial they have discovered said deeds." It does not appear from the motion that the new indexes were not perfected in ample time for the discovery of the deeds before the trial.  Upon the facts shown in the motion we do not think the court erred in refusing the new trial upon the grounds stated.

This disposes of all of the assignments of error, and none of them being sustained, it follows that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.