## TEXAS CENT. R. CO. v. DUMAS.†

(Court of Civil Appeals of Texas. Austin. May 1, 1912. On Motion for Additional Findings of Fact, June 5, 1912.)

1. APPEAL AND ERROR (§ 544*)—BILL OF EXCEPTIONS—NECESSITY—RULE OF COURT.
   Where no bill of exceptions is preserved to the action of the court in overruling a peremptory challenge to a juror, as required by rules of district court 53, 54, and 55 (142 S. W. xxi), the assignment will be overruled.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426, 2478, 2479; Dec. Dig. § 544.*]

2. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—NATURE OF EVIDENCE.
   Testimony in an affidavit obtained after trial, to the effect that a witness, who had testified as to an accident, was not at such place, was not newly discovered evidence, where the affiant stated that a third person was with him and the witness at the time of the accident, and where this third person had so testified at the trial, since it could have been easily ascertained that affiant was present by inquiry made at the trial.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

3. NEW TRIAL (§ 105*)—NEWLY DISCOVERED EVIDENCE—IMPEACHMENT OF WITNESS.
   The testimony of a witness as to an accident was material as showing that defendant's engineer could have seen plaintiff's automobile on the track at a distance of about 1,000 feet; but there was also evidence which tended to show that it was on the track at a distance from the train more than sufficient to have enabled the engineer to stop the train, and after the trial such witness and another made affidavits tending to impeach the testimony of such witness. Held, that, in view of the cumulative character of the testimony, a new trial would not be granted to obtain the impeaching testimony.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 221–223, 229; Dec. Dig. § 105.*]

4. RAILROADS (§ 351*)—ACCIDENT AT CROSSING—ACTION FOR INJURIES—INSTRUCTIONS—AVOIDABLE INJURY.
   In an action for death at a railroad crossing, defendant's engineer testified that he was sitting down when he discovered that plaintiff's automobile was on the track and would probably not leave the track; that he at once applied the lever when about 350 feet from the automobile and stopped the train at about 50 feet beyond it; that the train was then going at about 35 miles an hour. Held that, on such evidence, a charge submitting the issue as to whether the engineer was negligent in not having his engine under control did not put on defendant any greater burden than that imposed by law.

   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1215; Dec. Dig. § 351.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

**5. APPEAL AND ERROR (§ 882*)—PARTY ENTITLED TO COMPLAIN—INSTRUCTIONS.**

Where defendant, in an action for death at a crossing, did not request a peremptory charge on all issues, except that of discovered peril, but requested special charges upon the issue of plaintiff's contributory negligence, he cannot complain of error in submitting the question of his own negligence, other than that occurring after plaintiff's discovered peril.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

**6. EVIDENCE (§ 575*)—TESTIMONY AT INQUEST.**

In an action for the death of plaintiff's wife, the testimony of his chauffeur, given at the inquest, was admissible only as affecting his credibility and the weight to be given his testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2407–2409; Dec. Dig. § 575.*]

**7. EVIDENCE (§ 123*) — MATERIALITY — RES GESTÆ—STATEMENT AFTER TRANSACTION.**

In an action for death by accident at a railroad crossing, testimony given at the inquest was not admissible as a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. § 123.*]

**8. EVIDENCE (§ 314*)—MATERIALITY—HEARSAY—STATEMENTS TO THIRD PERSONS.**

In an action for death by an accident at a railroad crossing, a statement made at the inquest was not res gestæ, but was objectionable as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. § 314.*]

**9. EVIDENCE (§ 243*)—ADMISSIONS—AGENT.**

In an action for death at a railroad crossing, plaintiff's chauffeur, in giving his testimony at the inquest, was not the plaintiff's agent; and his statements could not be considered as admissions on the part of the plaintiff.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 908–915; Dec. Dig. § 243.*]

**10. RAILROADS (§ 338*)—ACCIDENT AT CROSSING—DISCOVERED PERIL.**

To constitute "discovered peril," it is not necessary that an engineer should have discovered an automobile actually on the track; but if he discovered it approaching the track, and saw that it would go upon the track, and that its occupants, unaware of the approach of the train, would not be able to cross before the train struck them, the discovery of these facts would be discovery of their peril.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1096–1099; Dec. Dig. § 338.*]

**11. RAILROADS (§ 350*)—ACCIDENT AT CROSSING—ACTION FOR INJURY — QUESTION FOR JURY—DISCOVERED PERIL.**

On evidence, in an action for wrongful death by accident at a railroad crossing, *held*, that the issue whether the engineer saw plaintiff's peril under such conditions that he was justified in believing that plaintiff would stop before going on the track, or would cross in time to avoid a collision, were for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

**12. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

A charge, in an action for death at a railroad crossing, supplementing the main charge, and grouping additional facts, not presented in the general charge, as to the engineer's discovery of plaintiff's automobile near the track at the crossing, driving toward it, under such conditions as that it appeared to him that plaintiff would not stop before he reached the track, and would not cross in time to avoid a collision, was not objectionable as upon the weight of evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

**13. TRIAL (§ 296*)—INSTRUCTIONS—CURE.**

In an action for death at railroad crossing, where the court charged that those in charge of the train were under no duty to stop it on discovering persons or vehicles approaching the crossing, and not at a place of danger, but had the right to assume that such persons would not go upon the track, or would leave it in time to prevent being struck by the train, an instruction that, if the engineer saw plaintiff near the track at a crossing, driving his automobile toward it, under such conditions as that it appeared that the automobile would not stop before reaching the track, and would not cross in time to avoid a collision, defendant was liable, on failure to use all means at command to prevent a collision, considered with the other charge, was not prejudicial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

**14. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS.**

In an action against a railroad for death at a crossing, the court instructed that it was the duty of defendant's employés in approaching a crossing to exercise ordinary care to prevent injuring any one; and the charge also made specific application to the grounds of negligence alleged in the petition. Defendant requested no additional charge. *Held*, that the charge was not objectionable as not limiting the issues of negligence to those raised by the petition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

**On Motion for Additional Findings of Fact.**

**15. APPEAL AND ERROR (§ 1001*)—REVIEW—VERDICT.**

The verdict of the jury will be upheld on appeal when there is evidence in the record to sustain it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by R. F. Dumas against the Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Ball & Streetman, of Houston, Spell & Sanford, of Waco, and Luther Nickels, of Hillsboro, for appellant. W. D. Taylor and J. N. Gallagher, both of Waco, and J. E. Yantis, of San Antonio, for appellee.

### Findings of Fact.

JENKINS, J. This suit was brought by appellee to recover damages from appellant on account of the death of his wife, alleged to have been occasioned by the negligence of appellant. Appellant's road runs north from Waco, and at a distance of about two miles from that city is crossed by a public road at what is known as the Ft. Graham crossing. Appellee, his wife, his chauffeur, Karels and Mr. Fagnana were in the automobile of appellee going north, and, for some distance before reaching said crossing, were traveling

nearly parallel with appellant's railway. They turned in to the crossing, first crossing the track of the Houston & Texas Central railroad, which is here 74 feet distant from appellant's track. At this time they were traveling about four miles an hour. As they approached appellant's track, a buggy, in which were two ladies and a child, was approaching the track from the opposite direction, and, the horse becoming frightened, the appellee's wife told the chauffeur to stop, and Fagnana jumped out and ran and caught the horse. The automobile was stopped on appellant's track, and within a very short time afterwards was struck by appellant's train going north, and appellee's wife was killed. The occupants of the automobile entered upon the track without looking or listening for the approaching train, which could have been seen for a distance of more than a mile. A strong north wind was blowing, which, perhaps, accounts for their not hearing the noise of the approaching train; at any rate, they did not hear it. Their attention was fixed upon the horse, which, by its rearing and plunging, was threatening danger to the occupants of the buggy. There was timber between said crossing and the city of Waco, distant 1,038 feet, which prevented said train from being seen by a number of the witnesses who were upon the south side of the track, but would not have prevented the train from being seen by the occupants of the automobile, and would not have prevented those in charge of the train from seeing the automobile. The whistling post was 1,397 feet from the crossing, and the engine whistled at this post, and again at another crossing 544 feet from the crossing where the accident occurred, and again at, perhaps, some 400 feet from said crossing. The train was running at the rate of about 35 miles an hour. The engineer testified that he saw the occupants of the automobile slowly approaching the crossing, but supposed that they would stop before entering upon the track. He also saw the horse which was frightened, and that he realized the danger to the occupants of the automobile, and applied the emergency brake and sand, and sounded the danger signal at a distance of 350 feet, and that it was impossible to stop the train with all the appliances at his command sooner than he did, which was from 40 to 50 feet beyond where he struck the automobile. He was sitting down at the time he says he discovered the peril of those in the automobile, and jumped at once to his lever and applied the brake and sand as soon as possible. Experts testified that a train going at the rate at which it was going, and on that track, could have been stopped in from 400 to 500 feet. The bell was ringing continuously from the time the whistle was first blown at the whistling post. The alleged negligence was failure to ring the bell at a distance of 80 rods from

the crossing, failure to keep the same ringing until it had crossed or stopped, failure to have the train in question under control, and a failure to stop the engine after the peril to the parties in the automobile was discovered. The jury returned a verdict in favor of appellee, and assessed the damages at $12,000, and judgment was entered accordingly.

### Opinion.

[1] 1. The first assignment of error is as to the action of the court in overruling appellant's peremptory challenge to the juror Cox. Appellant alleged in its motion for rehearing that Cox stated that he had had a good deal of trouble with claims against the railroad, and was prejudiced against railroads, and did not know whether or not he could give a railroad a fair and impartial trial. No bill of exceptions to the action of the court in this matter was preserved, for which reason said assignment will be overruled. Thomae v. Zushlag, 25 Tex. Supp. 225; K. of G. R. v. Rose, 62 Tex. 321; rules of district court 53, 54, and 55 (142 S. W. xxi).

[2, 3] 2. Appellant assigns error upon the refusal of the court to grant a new trial by reason of alleged newly discovered testimony as to the witness Tom Grayson. Grayson testified that he was near the railroad track and saw the train as it emerged from behind the point of timber, which would have been 1,038 feet from the crossing, and that he looked immediately and saw the automobile on the track. After the trial appellant filed with its motion for a new trial the affidavit of said Grayson, in which he stated that his testimony given in this case was false, and that he did not see the accident at all, and, in connection therewith, filed the affidavit of one Schick, who stated that he was with the witness Grayson at the time of said accident at the gravel pit, which was not in sight of the place of the accident. Appellee, in reply to said motion, filed the affidavit of said Grayson, in which he stated that his testimony given upon the trial of this case was true, and that he would give the same testimony upon another trial, and that his reasons for making the said affidavit was that the agents of appellant told him that they would prove by Schick that he was not at the place where he claimed to be, and that he would be convicted of perjury and sent to the penitentiary, and stated to him, in substance, that they would not prosecute him if he would file said affidavit. His testimony in this regard is corroborated, to some extent, by another witness, who was with him at the time he was being importuned to make the first affidavit referred to. As to Schick, his testimony cannot be said to be newly discovered, inasmuch as he stated that one J. W. Bledsoe was with him and the witness Grayson at the time of said acci-

dent, and said Bledsoe so testified at this trial; and if appellant did not know that Schick was with Bledsoe and Grayson it could have ascertained said fact by inquiring of Bledsoe. Watts v. Johnson, 4 Tex. 318; Gas Co. v. Singleton, 24 Tex. Civ. App. 341, 59 S. W. 922.

While the testimony of Grayson was material as showing that the engineer could have seen the automobile on the track at the distance of about 1,000 feet, there was other testimony which tended to establish the fact that the automobile was on the track at a distance from said train more than sufficient to have enabled the engineer to stop the train, after the automobile stopped on said track. The affidavit of the witness Grayson, filed by appellant, and that of the witness Schick were in the nature of impeaching testimony, and a new trial will rarely ever be granted for testimony of this character. Railway Co. v. Sciacca, 80 Tex. 356, 16 S. W. 31; Railway Co. v. Murtle, 49 Tex. Civ. App. 273, 108 S. W. 1002; Tillar v. Liebke, 78 Ark. 324, 95 S. W. 770. In this case the affidavit of Grayson would be hearsay upon another trial, and could be used only for the purpose of impeaching him, should he be offered as a witness by appellee. As his testimony is only cumulative, we do not think that it justifies a departure from the rule that a new trial will not be granted to obtain impeaching testimony. Thoma v. Dry Goods Co., 119 S. W. 716; Keck v. Woodward, 53 Tex. Civ. App. 267, 116 S. W. 79; Railway Co. v. Kief, 58 S. W. 627.

[4] 3. Appellant assails the fourth paragraph of the court's charge as imposing upon it a more onerous duty than is imposed by law, in that said charge permitted the jury to find the defendant negligent if the engineer did not have the train under control, regardless of whether the engineer actually discovered the automobile in a perilous position on the track, or approaching the same, and appreciated the danger to the occupants thereof in time to have prevented the collision by the use of the means at his command, consistent with the safety of the train. We do not think the charge is subject to this criticism. That portion applicable to this assignment of error is as follows: "If you believe from the evidence that the engineer in charge of said train did not have the same under control, and that he was thereby guilty of negligence, * * * and you further believe from the evidence that but for the negligence, if any, said collision would not have occurred, * * * if you so find, you will find for plaintiff, unless you find for the defendant under other instructions herewith given you; and the burden of proof rests upon plaintiff to show, by preponderance of evidence, that the defendant's said employé or employés were guilty * * * of the act complained of as negligent; and the same was negligence on the part of said em-ployé or employés, and that said collision occurred and said injuries were inflicted as a direct and proximate result of negligence; and in this connection you are instructed that, in order to warrant a finding that an accident or injury is the proximate result of an act of negligence, it must appear that said accident or injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen, in the light of the attending circumstances." The court further instructed the jury that "it was the duty of defendant's employés, in approaching said crossing, to have exercised ordinary care; that is, such care as a person of ordinary care and prudence would have exercised, under the same or similar circumstances, to prevent injuring any one at said crossing."

The engineer testified that he was sitting down when he discovered that the automobile was on the track, and would probably not leave the same; that he at once jumped and grabbed his lever; that this would consume a second or more of time; that he applied said lever at about 350 feet from where the engine struck the automobile; and that he succeeded in stopping his train at 50 feet beyond said automobile. The train was going, at the time he discovered said automobile, at the rate of 52 feet per second. This evidence, we think, is sufficient to raise the issue as to negligence upon the part of the engineer in not having the engine under control—that is, not standing at his post at the time he discovered said automobile—and we do not think that the charge complained of put any greater burden upon appellant than that imposed by law. The crossing was one which was used by a great many people, and the engineer ought to have anticipated that persons would probably be crossing the track at that time; and the fact that he was sitting down and not standing at his post, we think sufficiently raises the issue of negligence submitted by the court in the charge complained of.

[5] 4. The substance of the fourth assignment of error is that the undisputed facts in this case show that appellee was guilty of contributory negligence in entering upon and in stopping on the railroad track, without looking or listening for the approaching train; and therefore the court erred in submitting to the jury any allegations of negligence upon the part of defendant, except such as may have occurred after the danger was actually discovered. It is not incumbent upon us to find as a fact whether or not the appellee was guilty, as matter of law, of contributory negligence, for the reason that if the court erred in submitting any other issue to the jury, the error was invited by appellant. The appellant did not request a peremptory charge that the jury should find in its favor upon all issues, except that of discovered peril. Not only did it fail to do

so; but it requested 10 special charges, which were given, upon the issue of appellee's contributory negligence, covering every possible phase of contributory negligence on the part of appellee. Alamo Oil Co. v. Curvier, 136 S. W. 1132; Alamo Dressed Beef Co. v. Yeargan, 123 S. W. 723; Poindexter v. Lumber Co., 101 Tex. 322, 107 S. W. 44; Railway Co. v. Sein, 89 Tex. 66, 33 S. W. 215, 558; Emery v. Barfield, 138 S. W. 419.

[6-9] 5. The court did not err in instructing the jury that the testimony of John Karels, the chauffeur, given on the occasion of the inquest upon the body of Mrs. Dumas, could be considered by the jury only as affecting the credibility of said witness and the weight to be given to his testimony. Such testimony was not res gestæ of the accident, but was hearsay, and the witness, in giving his testimony at said inquest, was not the agent of appellee; and his statements could not be considered as admissions upon the part of appellee. McAlpin v. Cassidy, 17 Tex. 466; Waggoner v. Snoddy, 98 Tex. 512, 85 S. W. 1134; Railway Co. v. York, 74 Tex. 364, 12 S. W. 68; Gaines v. Perry, 102 S. W. 756; Railway Co. v. Robinson, 73 Tex. 277, 11 S. W. 327; Railway Co. v. Johnson, 90 Tex. 308, 38 S. W. 520; Railway Co. v. Jackson, 53 S. W. 83; Bullock v. Railway Co., 55 S. W. 185.

6. Appellant assigns error upon the following charge, given by the court at the request of appellee: "If you believe from the evidence that when the engine that killed plaintiff's wife was approaching the public crossing of the Ft. Graham public road on said occasion the employés of defendant operating said train saw the plaintiff's wife and other occupants in an automobile near defendant's track at said crossing, driving towards said crossing, and that it reasonably appeared to said employés that the plaintiff's wife and other occupants of said automobile would not probably stop before they reached said track, and would not pass over the same in time to avoid a collision with said train, and were in imminent peril of being struck by said train, and you further believe from the evidence that said employés, after making such discovery, if they did, failed to use all the means they had at hand, consistent with the safety of said engine and train, to stop the train and prevent a collision, and if you believe from the evidence that by the use of all the means that they had at hand for stopping said engine and train, consistent with the safety thereof, they could have stopped the same after they made such discovery, if they made it, or so reduced the speed thereof as to avoid collision with said automobile and its occupants, including plaintiff's wife, then, if you so find, you will return a verdict in favor of the plaintiff, even though you may believe that the plaintiff's wife and other occupants of said automobile, or any of them,

were guilty of contributory negligence in the manner in which they approached and drove upon said crossing."

The first criticism of this charge is that it "makes the defendant liable, regardless of whether, or not the operatives in charge of the train saw the peril of plaintiff's wife in time to have stopped the train and avoided the collision by the use of the means at their command, and makes the defendant's liability rest upon merely whether or not they could have stopped the train by the use of the means at their command, after it reasonably appeared to them that the plaintiff's wife and other occupants of the automobile would not probably stop before they reached the track, or would not pass over the same in time to avoid a collision."

[10, 11] The issue in this special charge is discovered peril. In order for there to have been such peril, it was not necessary that the engineer should have discovered the automobile actually on the track; but if he discovered it approaching the track, and saw that it would enter upon said track, but that its occupants, not being aware of the approach of the train, would not be able to pass over said track before the train came in collision with them, the discovery of these facts would be the discovery of their peril. To discover that a party is about to enter upon the track under such conditions as that he will be run over by the train is as much a discovery of his peril as if he was at said time actually upon the track. The operatives of the train did, in law, have actual knowledge of the peril of the deceased when they saw those in the automobile approaching the track, and it reasonably appeared to them, if such was the fact, that the occupants of the automobile would not probably stop before they reached the track, and would not pass over the same in time to avoid collision with the train. The engineer testified that he saw the automobile approaching the track when he was at sufficient distance to have stopped his train in time to avoid a collision. Whether or not he saw it under such conditions as that he was justified in believing that it would stop before entering upon the track, or that it would pass over in time to avoid collision with the train, or, the contrary, were issues properly submitted to the jury under the evidence in this case. Railway Co. v. Finn, 101 Tex. 511, 109 S. W. 918; Railway Co. v. Summers, 51 Tex. Civ. App. 133, 111 S. W. 214; Gehring v. Railway Co., 134 S. W. 288.

[12] It is further objected to said charge that it is upon the weight of the evidence, in that the same was substantially given in the main charge of the court. This charge supplements the charge given by the court, and groups the facts relied upon by appellee, not presented in said charge. The additional facts presented in the special charge

are that the operatives saw the plaintiff's wife and other occupants of the automobile near defendant's track at said crossing, driving towards said crossing, under such conditions as that it appeared to said employés that the automobile would not stop before it reached the track, and would not pass over in time to avoid collision. We do not think there was error in giving said charge. Railway Co. v. Summers, 51 Tex. Civ. App. 133, 111 S. W. 214; Railway Co. v. Rogers, 91 Tex. 58, 40 S. W. 956; Pettithory v. Clark & Courts, 139 S. W. 990; Loan Company v. Vincent, 117 S. W. 912; Cigar Co. v. Kramer, 50 Tex. Civ. App. 411, 109 S. W. 993.

[13] If said special charge, considered alone, could have operated to the injury of appellant, we feel sure that it did not do so when taken in connection with a special charge given at the instance of appellant, to the effect that the operatives of the train were under no duty to stop it on discovering persons or vehicles approaching the crossing, and not in a place of danger, but had the right to assume that such persons would not go upon the track in a place of danger; and that if they were on said crossing the operatives of the train had the right to presume that they would remove from the same in time to prevent the train's striking them, until such operatives should discover that persons or vehicles would not stop before getting in a place of danger, or would not remove therefrom, if on the track.

[14] 7. Appellant complains of that part of the court's charge wherein the jury were instructed that it was the duty of employés of defendant, in approaching said crossing, to exercise ordinary care to have prevented injuring any one. The objection to said charge is that it is too vague, general, and indefinite, and fails to limit the issues of negligence, as alleged in the petition. The charge makes a specific application to the grounds of negligence alleged in the petition; and it is not to be presumed that the jury, by reason of any general language used, considered any grounds of negligence, except those submitted to them. Had the appellant thought there was any danger arising from the general language used in the charge, it would have been its duty to have asked an additional charge limiting the scope of inquiry to be made by the charge. The charge, taken as a whole, we think does this. No additional charge as to this matter was asked by appellant. Railway Co. v. Trump, 100 Tex. 211, 97 S. W. 464; City of Austin v. Forbis, 99 S. W. 132; Milligan v. Railway Co., 27 Tex. Civ. App. 600, 66 S. W. 898.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.

## On Motion for Additional Findings of Fact.

In the opinion herein we stated that "the bell was ringing continuously from the time whistle was first blown at the whistling post."

[15] There is evidence in the record to that effect, but there is also evidence in the record to the contrary; and, as the verdict of the jury (which was in favor of appellee) should be upheld by this court when there is evidence in the record to sustain the same, we withdraw so much of said findings of fact as is set out in the above quotation with reference to the ringing of the bell.