**H. E. BUTT GROCERY COMPANY,
Appellant,**

v.

**John D. HEATON, Appellee.**

No. 5652.

Court of Civil Appeals of Texas,
Waco.

Feb. 17, 1977.

Louis Muldrow, Naman, Howell, Smith, Lee & Muldrow, Waco, for appellant.

Jim Meyer, Dunnam, Dunnam & Dunnam, Waco, for appellee.

HALL, Justice.

Plaintiff, John D. Heaton, slipped and fell while shopping for groceries in a supermarket owned by defendant, H. E. Butt Grocery Company. He brought this suit in McLennan County, where the store is located, to recover damages for personal injuries, medical expenses, and lost wages resulting from the fall. He alleged that he slipped on grapes on the floor of the store, and that they were there because of de-

fendant's negligence. Defendant filed a plea of privilege to be sued in Nueces County, the asserted county of its residence. Plaintiff controverted the plea under the provisions of § 9a, Article 1995, Vernon's Ann.Civ.St., which permits a plaintiff to maintain a suit for damages based upon the negligence of the defendant in the county where the negligent act or omission occurred. After a hearing without a jury, the plea of privilege was overruled. Defendant brought this appeal.

▋ To defeat defendant's plea of privilege in a case like this one, a plaintiff is required to establish, among other things, (1) that the defendant placed the foreign object on the floor, or (2) knew it was on the floor and negligently failed to remove it, or (3) that it had been on the floor for such period of time that it would have been discovered and removed by the defendant in the exercise of ordinary care. *H. E. Butt Grocery Co. v. Russell*, 391 S.W.2d 571, 573 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.). In our case, plaintiff concedes there was no evidence of facts (1) and (2), but he asserts that fact (3), which was impliedly found by the court, was established by the proof. Defendant contends the evidence is legally and factually insufficient to support the implied finding. It also assigns error to the court's rulings on the admissibility of a conclusion expressed by plaintiff. We overrule these complaints and affirm the judgment.

Plaintiff's testimony may be summarized as follows: He was shopping for groceries in defendant's store at the time of his fall, and had selected several items. Soon after leaving the produce department, he was walking in a pretty heavily traveled main aisle when he slipped and fell. He landed on his buttocks. He was pushing a shopper's cart at the time and looking for spices and did not see, before the accident, what caused his fall. After getting up, he saw that he had slipped on some light green grapes. At least a dozen grapes were on the floor, separated from the stems, and scattered over an area about twelve inches in diameter. A small puddle of water was next to the grapes. He fell partially onto the grapes and into the water. The grapes were "smashed and spread out." All of the juice had been pressed out of them and they were in a drying stage. There were footprints and cart tracks on the grapes. The grapes, water, and floor were dirty. After the fall, he had water, dirt, and grape juice on the seat of his pants. The floor around the grapes and water where he fell was dirtier than the floor in the other part of the store and "looked like it hadn't been cleaned for awhile."

Additionally, on direct examination, plaintiff was asked this question: "Would you tell the court whether or not the same layer of dirt that was on the floor proceeded to cover the grapes as if they had been there for a great length of time?" Defendant's objections that the question was leading and called for a "rank opinion" were overruled. Plaintiff answered, "Yes. It did look like it. It appeared that way."

▋ Plaintiff's testimony contains proof that the grapes which caused his fall were on the floor of a heavily traveled, main aisle; that they had been there longer than mere moments or a few minutes; and that they were in fact left there while other parts of the floor in the area were cleaned by defendant. This evidence is legally sufficient to support the questioned finding. All of the evidence in the case, considered in its entirety, is factually sufficient to support the finding.

Defendant says its contentions of insufficiency of the evidence are supported and controlled by *Furr's Supermarkets, Inc. v. Arellano*, 492 S.W.2d 727 (Tex.Civ.App.—El Paso 1973, writ ref., n. r. e.); *H. E. Butt Grocery Company v. Rodriguez*, 441 S.W.2d 215 (Tex.Civ.App.—Corpus Christi 1969, no writ); and *O'Neal v. J. Weingarten, Inc.*, 328 S.W.2d 793 (Tex.Civ.App.—Beaumont 1959, writ ref., n. r. e.). We disagree. Each of these cases is totally lacking in proof of the time the foreign substance was on the floor. This lack of proof distinguishes these cases from ours.

Next, error is assigned to the court's failure to sustain defendant's objections of

"opinion" and "leading" to the question which produced plaintiff's conclusion that the grapes had been on the floor "for a great length of time." We overrule these complaints.

■ Where a pertinent fact gained by a witness from personal observation of circumstances in evidence cannot be adequately reproduced or pictured merely by proof of the circumstances upon which it is based, the general rule permits the witness to express it in the form of a conclusion. The testimony in question falls within this rule. See, *Missouri Pacific Ry. Co. v. Jarrard*, 65 Tex. 560, 566 (1886); *City of Fort Worth v. Lee*, 143 Tex. 551, 186 S.W.2d 954, 960 (1945); *City of Beaumont v. Kane*, 33 S.W.2d 234, 242 (Tex.Civ.App.—Beaumont 1930, writ dism.); *Keck v. Woodward*, 53 Tex.Civ.App. 267, 116 S.W. 75, 79 (1909, writ ref.); 2 McCormick & Ray, *Texas Law Of Evidence* (2d ed. 1956), p. 226, § 1397; 32 C.J.S. Evidence § 546(9), p. 121.

■ Defendant does not specify in its brief how the question was leading. The mere fact that plaintiff was asked to state "whether or not" the fact existed did not make this particular question leading. *Lott v. King*, 79 Tex. 292, 15 S.W. 231, 233 (1891); *Hoover v. McFarland*, 27 S.W.2d 568, 569 (Tex.Civ.App.—Texarkana 1930, no writ hist.); 1 McCormick & Ray, *Texas Law Of Evidence* (2d ed. 1956), p. 452, § 573.

Defendant's remaining contentions are also without merit. They are overruled.

The judgment is affirmed.