Veronica WYATT, Appellant,

v.

FURR'S SUPERMARKETS, INC., Clifford
J. Roberts, Jr. and Dyer Street Triangle
Joint Venture, Appellees.

No. 08–94–00053–CV.

Court of Appeals of Texas,
El Paso.

Aug. 31, 1995.

Rehearing Overruled Oct. 4, 1995.

James F. Scherr, Scherr & Legate, P.C., El Paso, for appellant.

Monty Kimball, Larry W. Hicks, Hicks & Associates, El Paso, Mark C. Walker, Steven L. Hughes, Mounce & Galatzan, El Paso, for appellees.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

LARSEN, Justice.

Plaintiff Veronica Wyatt appeals a summary judgment rendered in favor of defendants in a slip and fall case. Appellant brings three points of error challenging the trial court's granting of summary judgment. We affirm.

### FACTS

On July 21, 1991, Veronica Wyatt was shopping at Furr's Supermarket with her young daughter. (Furr's is located on land owned by the other defendants.) As she was leaving the store, Wyatt fell on the sidewalk. Initially, appellant did not know what caused her to fall. Several minutes after the incident occurred, appellant returned to the area where she fell and inspected the sidewalk. She saw "something sticky," between the size of a nickel and a quarter, on the ground. She testified that the substance probably was gum because it was melted. She also testified that it was not "fresh gum" because it did not stick to her shoe. The store manager, Carl Miller, testified that the gum he saw was "[s]omething you'd have to scrape up."

Vicente Gardea, a Furr's courtesy clerk, was following behind Wyatt with her groceries when appellant fell. Gardea testified that when appellant moved her daughter to the side, appellant slipped and fell. Gardea also testified that he did not see any gum on the sidewalk where appellant fell.

The only evidence on Furr's maintenance and clean-up procedures on the sidewalk showed that the sidewalk was cleaned once a day, and that courtesy clerks (who assist customers to their cars with groceries) would police the area throughout the day as needed. Furr's had never had prior problems in the area, and there was evidence that no Furr's employee had notice of any problems that might have caused Wyatt's fall. The courtesy clerk found gum about six feet from where Wyatt fell, which did not appear stepped on, smeared, or disturbed in any way.

Wyatt sued defendants on the basis of premises liability for the injuries she received as a result of her fall. Defendants filed their motion for summary judgment, which the trial court granted after hearing. Appellant brings three points of error challenging the trial court's decision to grant summary judgment in favor of appellees.

## STANDARD OF REVIEW

In reviewing a summary judgment on appeal, this Court must determine whether the successful movant in the trial court carried its burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* at 548–49. If the movant submits summary judgment evidence disproving at least one element of the plaintiff's case then summary judgment should be granted. *Rayos v. Chrysler Credit Corp.,* 683 S.W.2d 546, 547 (Tex.App.—El Paso 1985, no writ).

## LACK OF NOTICE

In her first and second points of error, Ms. Wyatt argues that the trial court erred in granting appellees' motion for summary judgment because fact issues exist which preclude appellees from establishing their right to judgment as a matter of law. The elements of a premises liability cause of action are: (1) the owner/operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992).

Wyatt contends that defendants failed to prove they did not have actual or constructive knowledge of the substance which caused her fall. For an owner/operator to have sufficient knowledge of a condition to be liable for any injuries caused by the condition, the owner/operator must have put the foreign substance on the floor, knew that it was on the floor, and negligently failed to remove it, or the substance must have been on the floor for so long that it should have been discovered and removed in the exercise of ordinary care. *Keetch,* 845 S.W.2d at 265. Wyatt notes that Furr's employees described the substance as "dried" gum which had to be "scraped off," implying that since the gum had been on the ground long enough to harden, Furr's had constructive notice of the condition. She urges that courts have repeatedly held that the length of time a condition existed before an accident may be used to establish knowledge of the condition. *H.E. Butt Grocery Co. v. Heaton,* 547 S.W.2d 75, 76 (Tex.Civ.App.—Waco 1977, no writ); *Coffee v. F.W. Woolworth Co.,* 536 S.W.2d 539, 541 (Tex.1976).

The cases appellant relies upon equating length of time a condition exists and an owner/operator's knowledge of that condition can be distinguished from the instant case. *Coffee* involved a fall over an empty pallet on which merchandise had been stacked for sale. There the Court held that the length of time the dangerous condition existed should have been noted by the store based upon customer sales. Moreover, we think *Coffee* is also distinguishable because the hazard there was created by the premises owner. The *Heaton* case involved that quintessential dangerous condition, dirty and desiccated grapes on the floor. There, as in *Coffee,* knowledge of the condition could be inferred from the store's own role in creating the hazard, as well as the appearance of the grapes. The *Heaton* Court specifically distinguished itself from other cases totally lacking in proof of the time a substance was on the floor. *Heaton,* 547 S.W.2d at 76. We note, too, that grapes on the floor are far more hazardous than gum, and that knowledge of a hazard is therefore easier to infer in the *Heaton* set of facts.

Here, appellant did not produce competent summary judgment evidence showing the

length of time the gum was on the ground. Testimony that the gum was "dried" and would have to be "scraped off" is the only evidence concerning how long the gum was on the ground and it is insufficient evidence to rebut appellees' evidence and raise a fact issue that they lacked notice. *See Kramer v. F.W. Woolworth Co.*, 255 Iowa 633, 123 N.W.2d 572, 574 (1963) (finding plaintiff's description of gum as old, hard, brown, dirty, not fresh insufficient to show length of time gum on step); *Carter v. Food Center, Inc.*, 207 Kan. 332, 485 P.2d 306, 309–10 (1971) (holding testimony that gum "was hard and of some age, it had dirt and debris on its top side" was not evidence gum had been on floor any length of time before plaintiff fell). In fact, appellant admitted that she did not know how long the substance had been on the ground or whether anyone at Furr's knew the substance was there.

Under these facts, Furr's established that it had no knowledge of the condition. The evidence shows that appellees did not put the substance on the sidewalk, did not know the substance was on the sidewalk and fail to remove it, or that the substance was on the sidewalk so long that it should have been discovered. Initially, when Wyatt fell, she did not know what caused her to slip. Wyatt testified that she did not know how long the gum had been on the ground before she fell and she did not know of anyone at the store who knew that the gum was on the ground. Neither did the discovery conducted by her attorney reveal any evidence on these subjects.

Once defendants met their burden of disproving the element of notice, in order to defeat summary judgment, Wyatt was required to proffer competent summary judgment evidence contradicting appellees' lack of notice. As mentioned above, appellant did not produce such evidence. Because there is no fact issue concerning defendants' lack of notice, an element essential to plaintiff's claim, they are entitled to judgment as a matter of law.

### UNREASONABLE RISK

■ Furr's points out that summary judgment evidence shows there is only inconclusive evidence that a "condition" existed. Neither Furr's manager nor the store clerks could find gum in the immediate area where appellant fell. Assuming that Wyatt did fall on a foreign substance such as gum or candy, we are struck by the trial court musing during the hearing on summary judgment: "how does one trip over gum?" and "We're talking about an unreasonable risk. How often does it happen? How many times has everyone in this room stepped on gum without tripping?"

■ An essential element of a premises liability action is that the condition must pose an unreasonable risk of harm. *Keetch*, 845 S.W.2d at 264. A condition presenting an unreasonably risk of harm is one in which there is such a probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Seideneck v. Cal Bayreuther Assoc.*, 451 S.W.2d 752, 754 (Tex. 1970).

Although this Court does not hold that gum or sticky candy on a sidewalk can never pose an unreasonable risk, nevertheless we believe Furr's is entitled to such a holding here. Plaintiff's testimony is that she "slipped" on the gum and fell. This is not consistent with the gum found on the sidewalk by Furr's employees; it was not slippery or sticky, showed no sign of having been stepped or slipped on, but rather was something that had to be scraped up to be removed. We find that the condition complained of by Wyatt would not have put a reasonably prudent person on notice that a dangerous condition existed on the sidewalk. Wyatt's Points of Error One and Two are overruled.

### SUFFICIENT NOTICE OF SUMMARY JUDGMENT HEARING

■ In her third point of error, Wyatt claims the trial court erred in granting Furr's summary judgment because a minimum of twenty-one days did not elapse between the time of the filing of the motion for summary judgment and the hearing on the

motion as required by TEX.R.CIV.P. 166a(c).[1] Rule 166a states, in pertinent part:

> Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. TEX.R.CIV.P. 166a(c).

Furr's filed its motion for summary judgment on October 14, 1993. The certificate of service attached to the motion stated that the motion was hand-delivered to appellant on October 12. The summary judgment hearing was held on November 4, twenty-three days following service of the motion. The hearing on a motion for summary judgment may be set as early as the twenty-first day after the motion is served. *Lewis v. Blake*, 876 S.W.2d 314 (Tex.1994).

Appellant claims she did not receive Furr's motion for summary judgment at least twenty-one days before the hearing. In support of her claim, appellant included in the transcript a letter dated October 15 which states that she never received a copy of Furr's motion for summary judgment. However, the record before this Court does not demonstrate that the letter, or any other evidence of lack of notice, was presented to the trial court. TEX.R.CIV.P. 21a provides methods for service. Rule 21a states:

> The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service. TEX. R.CIV.P. 21a.

Under Rule 21a, a certificate of service creates a rebuttable presumption that the requisite notice was served. *Cronen v. City of Pasadena*, 835 S.W.2d 206, 209 (Tex.App.—Houston [1st Dist.] 1992, no writ), *overruled on other grounds, Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex.1994). This presumption may be rebutted by an offer of proof of nonreceipt. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex.1987). Because appellant failed to rebut the presumption that the motion was timely served, we must conclude that at least twenty-one days passed between the notice given to appellant and the hearing.

Even if the trial court erred in hearing the motion for summary judgment, failure to object to late notice of the motion waived the error that appellant had less than twenty-one days notice of the hearing. *See Davis v. Davis*, 734 S.W.2d 707, 712 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Appellant participated in the summary judgment hearing without objection, and failed to ask for a continuance, rehearing, or new trial. *See id.* Since appellant participated in the hearing and failed to apprise the trial court of her complaint, appellant has waived any objection to lack of notice, and cannot raise it for the first time on appeal. *Negrini v. Beale*, 822 S.W.2d 822, 823–24 (Tex.App.—Houston [14th Dist.] 1992, no writ). Wyatt's Point of Error Three is overruled.

### CONCLUSION

We affirm the summary judgment in favor of defendants.

---

1. Appellant only chose to appeal this point of error with respect to appellee Furr's because appellant verbally agreed to hear the other appellees' motion at the same time as the hearing set by Furr's.