COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-01-409-CV
 
MIKE SCHLUETER D/B/A LANCASTER                                                   
APPELLANTS
BINGO A/K/A LANCASTER BINGO,
INC., AND MIKE SCHLUETER, INDIVIDUALLY,
AND D/B/A ENTERTAINMENT PROPERTIES,
INC. A/K/A ENTERTAINMENT PROPERTIES,
INC., AND MIKE SCHLUETER, INDIVIDUALLY,
AND D/B/A LANCASTER BINGO A/K/A
LANCASTER BINGO, INC.
V.
BILLIE JEAN CAREY                                                                   
APPELLEE
----------
FROM THE 48
TH
DISTRICT COURT OF TARRANT COUNTY
----------
OPINION
----------
Introduction
        In this
premises liability case, appellants Mike Schlueter and Entertainment Properties,
Inc. appeal from the trial court's judgment for appellee Billie Jean Carey. In
five issues, appellants contend that the judgment against Entertainment
Properties is void because the trial court never acquired personal jurisdiction
over Entertainment Properties and that the judgment against Schlueter is not
supported by the law or the evidence. We will affirm in part and reverse and
render in part.
Background Facts and Procedural History
        At just
after 10:30 p.m. on January 29, 1998, Billie Jean Carey tripped and fell over a
speed bump in the parking lot in front of Lancaster Bingo. The owner of the
property where Carey fell is not a party to this case. Entertainment Properties
leased a portion of the building from the owner for use by Lancaster Bingo and
had a joint right to use the parking lot. Schlueter was the sole shareholder of
Entertainment Properties, and he had filed an assumed name certificate that
stated he was doing business as Lancaster Bingo on the leased premises.
        Carey
originally sued "LANCASTER BINGO, INC." for her fall and resulting
injuries. She then amended her petition to name as defendant "MIKE
SCHLUETER, D/B/A LANCASTER BINGO, A/K/A LANCASTER BINGO, INC. . . . an
individual residing in Tarrant County, Texas." Schlueter filed a verified
denial, in which he denied liability in the capacity in which he had been sued.
        The case
was tried to the court beginning on April 2, 2001. During trial, Schlueter
proffered a copy of the lease agreement between the property owner and
Entertainment Properties. The trial court then continued the trial so that Carey
could conduct discovery regarding Entertainment Properties "on the question
of piercing the corporate veil."
        On
August 6, 2001, Carey amended her petition again and named as defendant
"MIKE SCHLUETER, D/B/A LANCASTER BINGO, A/K/A LANCASTER BINGO, INC., and
MIKE S[CH]LUETER Individually and D/B/A ENTERTAINMENT PROPERTIES, INC., A/K[/A]
ENTERTAINMENT PROPERTIES, INC., AND MIKE SCHLUETER Individually and D/B/A
LANCASTER BINGO[,] A/K/A LANCASTER BINGO, INC. . . . an individual residing in
Tarrant County, Texas." Trial resumed on August 6, 2001, and the trial
court eventually rendered judgment for Carey against "the Defendants,"
Schlueter and Entertainment Properties.
Alter Ego
        In their
fourth and fifth issues, appellants challenge the trial court's finding that
Schlueter is the alter ego of Entertainment Properties. Appellants contend that
Carey did not plead alter ego, but only sham to perpetrate a fraud, and that the
alter ego finding has no support in the evidence.
        The
trial court's judgment must conform to the pleadings or it is erroneous. Tex. R.
Civ. P. 301; Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex.
1983). Texas follows a "fair notice" pleading standard, which looks to
whether the opposing party can ascertain from the pleadings the nature and basic
issues of the controversy and what testimony will be relevant at trial. See
Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000).
"A petition is sufficient if it gives fair and adequate notice of the facts
upon which the pleader bases his claim." Id. at 897 (quoting Roark
v. Allen, 633 S.W.2d 804, 810 (Tex. 1982)); see also Tex. R. Civ.
P. 47 (providing that a pleading setting forth a claim for relief must contain a
short statement of the cause of action sufficient to give fair notice of the
claim involved, a statement that the damages sought are within the
jurisdictional limits of the court, and a demand for judgment). In the absence
of special exceptions, the petition should be construed liberally in favor of
the pleader. Horizon/CMS Healthcare Corp., 34 S.W.3d at 897; Boyles
v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993). A court should uphold the
petition as to a cause of action that may be reasonably inferred from what is
specifically stated, even if an element of the cause of action is not
specifically alleged. Boyles, 855 S.W.2d at 601.
        Alter
ego and sham to perpetrate a fraud are separate bases for disregarding the
corporate fiction, and each must be pleaded separately. Castleberry v.
Branscum, 721 S.W.2d 270, 271-72, 275 & n.5 (Tex. 1986). Alter ego
applies when there is such unity between the corporation and the individual that
the separateness of the corporation has ceased and holding only the corporation
liable would result in an injustice. Mancorp, Inc. v. Culpepper, 802
S.W.2d 226, 228 (Tex. 1990); Castleberry, 721 S.W.2d at 272.
        In this
case, Carey pleaded:

         Plaintiff would also show that
 both Lancaster Bingo (a/k/a Lancaster Bingo, Inc.) and Entertainment
 Properties, are solely owned by Defendant Mike Schlueter. That Mike Schlueter
 organized it as a Texas corporation but neither have been operated as a
 separate legal entity. That Mike Schlueter formed Entertainment Properties,
 Inc. and Lancaster Bingo, Inc. as a form to shield Mike Schlueter from any and
 all liability. That Mike Schlueter is running a sham corporation and thus
 need[s] to be held individually liable for any and all acts arising in
 connection with this petition.

Appellants did not specially except to Carey's
pleadings. In addition, Carey briefed alter ego at the trial court's request,
and appellants voiced no objection. Construing Carey's pleadings liberally, we
hold that they gave appellants fair and adequate notice that Carey was relying
on alter ego, in addition to sham to perpetrate a fraud, to pierce the corporate
veil. We overrule appellants' fourth issue.
        We now
turn to appellants' no-evidence challenge to the trial court's alter ego
finding. Findings of fact entered in a case tried to the court have the same
force and dignity as a jury's answers to jury questions. Anderson v. City of
Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings
of fact are reviewable for legal and factual sufficiency of the evidence to
support them by the same standards that are applied in reviewing evidence
supporting a jury's answer. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.
1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).
        In
determining a no-evidence issue, we are to consider only the evidence and
inferences that tend to support the finding and disregard all evidence and
inferences to the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex.
2001); Cont'l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex.
1996); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).
Anything more than a scintilla of evidence is legally sufficient to support the
finding. Cazarez, 937 S.W.2d at 450; Leitch v. Hornsby, 935
S.W.2d 114, 118 (Tex. 1996). More than a scintilla of evidence exists if the
evidence furnishes some reasonable basis for differing conclusions by reasonable
minds about the existence of a vital fact. Rocor Int'l, Inc. v. Nat'l Union
Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
        A
corporation is a separate legal entity that normally insulates its owners or
shareholders from personal liability. Pabich v. Kellar, 71 S.W.3d 500,
507 (Tex. App.--Fort Worth 2002, pet. denied) (op. on reh'g). The corporate
fiction is disregarded based on alter ego, however, when a corporation is
organized and operated as a mere tool or business conduit of another. Castleberry,
721 S.W.2d at 272.  An alter ego relationship may be shown from the total
dealings of the corporation and the individual, such as evidence of the degree
to which corporate and individual property have been kept separate; the amount
of financial interest, ownership, and control the individual has maintained over
the corporation; and whether the corporation has been used for personal
purposes. Mancorp, Inc., 802 S.W.2d at 228; Castleberry, 721
S.W.2d at 272.  In a tort case, the financial strength of the corporate
tort-feasor is an important consideration.  Lucas v. Tex. Indus., Inc.,
696 S.W.2d 372, 375 (Tex. 1984).  If the corporation sued is not reasonably
capitalized in light of the nature and risk of its business, the need might
arise to attempt to pierce the corporate veil. Id.
        Alter
ego's rationale is: "[I]f the shareholders themselves disregard the
separation of the corporate enterprise, the law will also disregard it so far as
necessary to protect individual and corporate creditors." Castleberry,
721 S.W.2d at 272. An individual may not, however, be held liable under an alter
ego theory based simply on control or ownership of all the corporation's stock
or on the corporation's failure to observe corporate formalities. Tex. Bus.
Corp. Act Ann. art. 2.21, § A(3) (Vernon 2003); (1)
Grain Dealers Mut. Ins. Co. v. McKee, 943 S.W.2d 455, 458 (Tex. 1997); Howell
v. Hilton Hotels Corp., 84 S.W.3d 708, 714 & n.6 (Tex. App.--Houston [1st
Dist.] 2002, pet. denied) (op. on reh'g); Commercial Escrow Co. v. Rockport
Rebel, Inc., 778 S.W.2d 532, 540 (Tex. App.--Corpus Christi 1989, writ
denied).
        The
record in this case shows that Schlueter owned all of the stock in Entertainment
Properties and was one of its two officers. He signed the lease to the premises
at issue on behalf of Entertainment Properties, and he filed an assumed name
certificate showing that he was doing business at the leased premises as
Lancaster Bingo. While testifying at trial, Schlueter often referred to himself
and Entertainment Properties interchangeably. For example, he testified that his
and Entertainment Properties' intent was to run a bingo operation on the leased
premises and that, in January 1998, they were leasing the property for bingo
operations under the name of Lancaster Bingo. Schlueter acknowledged that he
owned the name "Lancaster Bingo," but testified that, despite the
assumed name certificate, he did not run the bingo operations as a sole
proprietorship because it was illegal for him to run a bingo hall in Texas.
Instead, the bingo operations were run by various charities.
       
Entertainment Properties allowed the charities to run the bingo operations, and
collected rent, pursuant to a "lease" between Entertainment Properties
and a third party, Cranford & Cranford. There was no written lease
agreement, however, and Entertainment Properties had no employees. Therefore,
the trial court, as fact finder, could have reasonably inferred that Schlueter
entered into an oral lease agreement with Cranford & Cranford on
Entertainment Properties' behalf.
        There is
some evidence that Entertainment Properties failed to observe certain corporate
formalities, such as keeping minutes or passing corporate resolutions. There is
no evidence, however, that Schlueter comingled Entertainment Properties'
property with his own or that Entertainment Properties was undercapitalized.
        Viewing
all of this evidence, and the reasonable inferences therefrom, in the light most
favorable to the trial court's findings, we hold that the evidence is legally
sufficient to support the trial court's finding that Schlueter was Entertainment
Properties' alter ego. See Bradford, 48 S.W.3d at 754. The total
dealings between Schlueter and Entertainment Properties show that there was such
unity between them that the separateness of Entertainment Properties had ceased
and Schlueter operated the corporation as a mere business tool or conduit for
himself. Moreover, holding that only Entertainment Properties could be held
liable to Carey for her injuries would result in an injustice because, as we
discuss below, Carey did not know of Entertainment Properties' existence until
after the statute of limitations had run. See Castleberry, 721 S.W.2d
at 272. We overrule appellants' fifth issue.
Schlueter's Duty to Carey
        In their
second issue, appellants contend that the judgment against Schlueter is improper
because Schlueter owed Carey no legal duty. Appellants do not contend, however,
that Entertainment Properties owed Carey no legal duty. We have concluded that
the evidence supports the trial court's finding that Schlueter was Entertainment
Properties' alter ego; therefore, Schlueter was liable to Carey for any breach
of the legal duty that Entertainment Properties owed her. See Mancorp, Inc.,
802 S.W.2d at 228; Castleberry, 721 S.W.2d at 272. We overrule
appellants' second issue.
Unreasonable Risk of Harm
        In their
third issue, appellants assert that the trial court's judgment is improper
because there is no evidence that a condition of the Lancaster Bingo parking lot
presented an unreasonable risk of harm to Carey.
        When the
injured party is an invitee, as Carey was, the elements of a premises liability
claim are: (1) the premise owner or occupier had actual or constructive
knowledge of a condition; (2) that posed an unreasonable risk of harm; (3) the
owner or occupier did not exercise reasonable care to reduce or eliminate the
risk; and (4) the owner or occupier's failure to use such care proximately
caused the plaintiff's injury. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97,
99 (Tex. 2000). A condition presents an unreasonable risk of harm if the
probability of a harmful event occurring is sufficient that a reasonably prudent
person would have foreseen it or some similar event as likely to happen. Seideneck
v. Cal Bayreuther Assocs., 451 S.W.2d 752, 754 (Tex. 1970); Wyatt v.
Furr's Supermarkets, Inc., 908 S.W.2d 266, 269 (Tex. App.--El Paso 1995,
writ denied).
        Carey
testified that she tripped and fell over a speed bump in the Lancaster Bingo
parking lot at about 10:30 at night, as she was going to play bingo. She
testified that she did not see the speed bump because there was no lighting in
the parking lot and some of the light fixtures on the building were not working.
Schlueter testified that he did not know if the lights in the parking lot or on
the building were in working condition in January 1998. He admitted, however,
that he did not fix them or have them fixed. He also conceded that the lease
required Entertainment Properties, as lessee, to maintain "all other items
not maintained by lessor," including parking lot lighting and exterior
lighting on the building.
        This
testimony is more than a scintilla of evidence that the lack of lighting in the
Lancaster Bingo parking lot and on the exterior of the building created a risk,
foreseeable to a reasonably prudent person, that someone would trip over a speed
bump in the parking lot at night and injure herself. Thus, the evidence is
legally sufficient to support the trial court's finding that a condition on the
premises posed an unreasonable risk of harm to Carey. We overrule appellants'
third issue.
Validity of Judgment Against Entertainment Properties
        In their
first issue, appellants assert that the trial court's judgment is void to the
extent that it is construed as a judgment against Entertainment Properties, Inc.(2) 
Appellants contend that the trial court lacked personal jurisdiction over
Entertainment Properties because Entertainment Properties was not sued or served
with process, did not waive service of process, and did not make a general
appearance before the trial court.
        A
judgment rendered against an individual or entity over which the trial court has
not acquired personal jurisdiction is void. Mapco, Inc. v. Forrest, 795
S.W.2d 700, 703 (Tex. 1990) (orig. proceeding). A trial court ordinarily has no
authority to render judgment against one who has not been named as a defendant
and served with process, unless the defendant has appeared generally in the
suit. Tex. R. Civ. P. 124; Werner v. Colwell, 909 S.W.2d 866, 869 (Tex.
1995); Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex. 1991). In this
case, Entertainment Properties, as a corporation, was a separate legal entity
from Schlueter, even though Schlueter was its sole shareholder. See Grain
Dealers Mut. Ins. Co., 943 S.W.2d at 458. Entertainment Properties was not
named as a party defendant separate from Schlueter,(3)
was never served with process, and did not appear generally by filing an answer
or other pleading. See Tex. R. Civ. P. 121. Thus, the
trial court never acquired personal jurisdiction over Entertainment Properties
and had no authority to render judgment against it. Any construction of the
trial court's judgment as being against Entertainment Properties is, therefore,
void.  See Urbish v. 127th Judicial Dist. Court, 708 S.W.2d 429,
431 (Tex. 1986) (orig. proceeding) (holding that an order is void when a court
has no power or jurisdiction to render it).(4)
       
Carey asserts that the trial court acquired personal jurisdiction over
Entertainment Properties because Schlueter appeared in the suit in his
individual capacity "and as sole shareholder for Entertainment Properties,
Inc." The record shows, however, that Schlueter simply testified at trial
that he was Entertainment Properties' sole shareholder. Carey cites no legal
authority for the proposition that such testimony by a sole shareholder
constitutes an appearance by the corporation. Therefore, this argument is
waived. Tex. R. App. P. 38.1(h); Fredonia State Bank v. Gen.
Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994). Further, merely
testifying as a witness in a cause does not serve as a general appearance. Werner,
909 S.W.2d at 870.
       
Carey also contends that Entertainment Properties should be held liable because
Schlueter failed to disclose its existence in discovery responses and attempted
to conceal its identity through Lancaster Bingo. There is no evidence, however,
that Carey filed any requests for disclosures until after the two-year statute
of limitations had run. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.003(a) (Vernon 2002) (providing that personal injury suit must
be filed within two years after day cause of action accrues). The date of
Carey's injury was January 29, 1998. The case was originally dismissed for want
of prosecution on March 7, 2000, just over a month after limitations had run,
but the trial court granted Carey's motion to reinstate. Schlueter did not file
any discovery responses until October 27, 2000, and Carey does not contend that
these responses were untimely. Thus, Carey did not rely on Schlueter's allegedly
misleading disclosures until after the deadline had passed for adding
Entertainment Properties as a party.
       
For all of the foregoing reasons, we hold that the trial court never acquired
personal jurisdiction over Entertainment Properties. Accordingly, we sustain
appellants' first issue.
Conclusion
        We
reverse the trial court's judgment against Entertainment Properties and render
judgment that Carey take nothing from Entertainment Properties. We affirm the
remainder of the trial court's judgment.
 
                                                       
   JOHN CAYCE
                                                       
   CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DELIVERED: June 5, 2003

1. Article 2.21, section A(3) provides, in pertinent part:
"A holder of shares . . . shall be under no obligation to the corporation
or to its obligees with respect to: . . . (3) any obligation of the corporation
on the basis of the failure of the corporation to observe any corporate
formality . . . ." Id.
2. The trial court's judgment states that "the
Defendants" include "MIKE SCHLUETER INDIVIDUALLY AND D/B/A
ENTERTAINMENT PROPERTIES, INC., A/K/A ENTERTAINMENT PROPERTIES, INC." and
renders judgment for Carey against "Defendants."
3. Carey simply "complain[ed]
of . . . MIKE SCHLUETER Individually and D/B/A ENTERTAINMENT PROPERTIES, INC.,
A/K[/A] ENTERTAINMENT PROPERTIES, INC. . . . an individual residing in Tarrant
County, Texas."
4. Judgment against an unserved individual or
corporation may be proper if the plaintiff pleads and proves that the individual
or corporation is the alter ego of a corporation against whom the trial court
has properly rendered judgment. See Carter, 817 S.W.2d at
688; Light v. Wilson, 663 S.W.2d 813, 814 (Tex. 1983); Associated
Indem. Corp. v. CAT Contracting, Inc., 918 S.W.2d 580, 587 (Tex.
App.--Corpus Christi 1996) (all holding that trial court cannot render judgment
against unnamed, unserved party based on alter ego where alter ego was not
pleaded or proved), aff'd in part and rev'd in part on other
grounds, 964 S.W.2d 276 (Tex. 1998). Our research has revealed no legal
authority, however, for rendering judgment against an unserved corporation
simply because its sole shareholder is properly before the court, even if the
shareholder is found to be the corporation's alter ego. Indeed, such a ruling
would seem contrary to alter ego principles, which are applied when holding only
the corporation liable would result in injustice. Mancorp,
Inc., 802 S.W.2d at 228; Castleberry, 721 S.W.2d at
272.