COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 JAN SEALY,
  
                             Appellant,
  
 v.
  
 CYNTHIA
 GUERRERO,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00367-CV
  
 Appeal from the
  
 83rd District Court 
  
 of Pecos County, Texas
  
 (TC# P-5966-83-CV)
 
 




 

MEMORANDUM
OPINION

Jan Sealy (Sealy) appeals from the
trial court=s grant of summary judgment in favor
of Cynthia Guerrero (Guerrero).  We
affirm in part and reverse and remand in part.

Facts

Jan Sealy=s son, Michael Perry Sealy
(decedent), died intestate on April 11, 2001. 
This lawsuit began when she filed a petition for declaratory judgment
that she was entitled to possession and ownership of a 2000 Ford pickup truck
owned by his estate.  At the same time,
Sealy filed an application for a temporary restraining order to keep Guerrero
away from Sealy, her residence, and the truck. 
The TRO was granted the following day.








Guerrero=s answer, filed on September 13,
denied the allegations in Sealy=s petition and claimed that she was decedent=s common-law wife, and thus heir to his
estate.  On October 18, Guerrero filed a
counter-petition individually, and as next friend of Michael Justice Sealy
(Michael), contending that Michael is decedent=s son and heir.  She sued for the fair market value of the
property at the time and place of conversion by Sealy, prejudgment interest
from April 11, 2001, exemplary damages, and costs of the suit.








On December 18, 2001, Guerrero filed
a motion for summary judgment.  Included
in the motion was the copy of an order appointing Guerrero temporary guardian
of the estate, a statement from the Internal Revenue Service that Guerrero
filed her 1996 tax return as married filing jointly with decedent=s Social Security number listed as
her spouse, Michael Justice Sealy=s birth certificate listing Guerrero
and decedent as parents, an affidavit of heirship for
a motor vehicle filed by Guerrero, and a Texas certificate of title for the
truck issued on July 4, 2001 listing Guerrero as its owner.  The motion also listed a number of items that
Sealy allegedly removed without authority from a storage unit.[1]  The trial court denied summary judgment after
Sealy responded with numerous affidavits and proof that the deceased filed his
1998 and 1999 tax return as single with no dependants.  The order denying the motion for summary
judgment also ordered Sealy to amend her pleadings regarding the issue of
intestate distribution and Michael=s paternity.  No amendment to the petition was made.

Guerrero filed a second motion for
summary judgment on April 10, 2002.  This
second motion for summary judgment included an order changing Guerrero=s status from that of a temporary
guardian of the estate to permanent guardian of the estate, a photo of the
decedent and Michael together, and estimates on the rental rate of a Ford
pickup truck.  Sealy=s counsel neither appeared at the May
2 hearing nor filed any response.  That
day Jan Sealy surrendered the truck keys to the trial court.  Guerrero picked the keys up the next
day.  On May 10, 2002, the trial court
signed a judgment finding that Michael is the biological child of decedent,
that Sealy has no legal claim to the property at issue, and that she wrongfully
assumed possession and control over it. 
The judgment awarded the truck to the estate, prejudgment interest on
$21,752.80 from April 11, 2001, $2,500 for loss of personal property not
returned to the defendant, $2,825 in attorney=s fees, court costs, and postjudgment interest until the amounts are paid.  The judgment, though returning the truck to
the estate, handed all other property directly to Guerrero.

Standard of review








The function of summary judgment is
not to deprive a litigant of the right to a full hearing on the merits of any
real issue of fact, but rather to eliminate patently unmeritorious claims and
untenable defenses.  Gonzalez
v. United Broth. of Carpenters and
Joiners of America, Local 551, 93 S.W.3d 208, 210 (Tex. App.--Houston [14th
Dist.] 2002, no pet.) (citing Gulbenkian
v. Penn, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952)).  Summary judgment is proper only when the movant shows that there is no genuine issue of material
fact and it is entitled to judgment as a matter of law.  Shah v. Moss, 67
S.W.3d 836, 842 (Tex. 2001); Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985); Wyatt v. Furr=s Supermarkets, Inc., 908 S.W.2d
266, 268 (Tex. App.--El Paso 1995, writ denied); Tex. R. Civ. P. 166a(c).  In
reviewing a trial court=s decision to grant summary judgment, we resolve all doubts
against the movant and view all evidence in the light
most favorable to the nonmovants.  Shah, 67 S.W.3d at
842 (citing KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746,
748 (Tex. 1999); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991)).  If the movant submits
summary judgment disproving at least one element of the plaintiff=s case, then summary judgment should
be granted.  Wyatt, 908 S.W2d at
268 (citing Rayos v. Chrysler Credit Corp.,
683 S.W.2d 546, 547 (Tex. App.--El Paso 1985, no writ)).  Our review of the judgment is limited to the
issues presented to the trial court in the motion for summary judgment.  Sebesta v. Kent Electronics Corp., 886 S.W.2d 459, 460 (Tex.
App.--Houston [1st Dist.] 1994, writ denied) (citing Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 676 (Tex. 1979); Dickey v. Jansen, 731 S.W.2d 581, 583 (Tex.
App.--Houston [1st Dist.] 1987, writ ref=d n.r.e.)).








Sufficiency of proof

Sealy contends in her first issue for
review that the summary judgment proof is insufficient as a matter of law to
support the judgment.  Sealy=s argument contests the finding that
Michael is the biological son of decedent. 
Following the law of intestate distribution, the children of a person
who dies leaving no husband or wife are to receive the assets of the
estate.  Tex. Prob. Code Ann. ' 38(a) (Vernon 2003).  If the decedent leaves a spouse and children,
the spouse retains all community property, plus one-third of any separate
property, with the balance passing to the children.  Tex. Prob. Code Ann. ' 38(b) (Vernon 2003).  The judgment of the trial court lists only
three findings that the award is based upon:

1.         That
Michael Justice Sealy is the biological child of the decedent;

 

2.         That
Jan Sealy has no legal claim to the items of personal property which are the
subject matter of this legal action;

 

3.         That
Jan Sealy wrongfully assumed possession and control of the subject matter and
withheld same wrongfully from the estate of decedent.  

 








The matter of whether Guerrero was
decedent=s wife was left unaddressed.  At no point in her motions or affidavits does
Guerrero stipulate that she is not the wife of the deceased.  However, in her motion for summary judgment,
Guerrero asserts that Michael is the only heir of decedent.  This argument would appear to be at odds with
her assertion that she is decedent=s common-law wife, which would have
made her an heir as well.  Nonetheless,
she does not complain of the trial court=s failure to name her as decedent=s heir, so this Court will not reach
that issue.

Guerrero claims paternity is presumed
because of the existence of an informal marriage.  The father-child relationship is established
between a man and a child by (1) an unrebutted
presumption of the man=s paternity under the Texas Family Code (presumption of
paternity), (2) an effective acknowledgment by the man that has not been rescinded
or successfully challenged, (3) an adjudication of the man=s paternity, (4) the adoption of the
child by the man, or (5) the man=s consenting to assisted reproduction
by his wife under certain conditions.  Tex. Fam. Code Ann.
' 160.201(b) (Vernon  2002).   The first manner of establishing the
relationship is the one at issue here.

There is no evidence that decedent
objected to Michael sharing his name, and we believe this supports an inference
that decedent consented to being named as father on Michael=s birth certificate.  At the time of his death, according to uncontradicted statements by Guerrero, the three lived
together in Houston.  We conclude this is
sufficient evidence to trigger the presumption that decedent was Michael=s father.  This presumption was not rebutted.  Sealy=s first issue is overruled.

Attorney=s fees within trial court=s discretion








Sealy=s second issue contends the trial
court erred in awarding attorney=s fees to Guerrero.  She also argues that the counter pleading for
conversion does not provide for the award of attorney=s fees.  Appellee=s brief does not address this
issue.  Neither the counter-petition nor
the motion for summary judgment specifically plead for
attorney=s fees.  In the absence of any request or authorizing
statute, no attorney=s fees should have been given.  R. Conrad Moore &
Assoc., Inc. v. Lerma, 946 S.W.2d 90, 96
(Tex. App.--El Paso 1997, writ denied).

This case was filed as a declaratory
judgment, however, and therefore the attorney=s fees award is governed by the
Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and
Remedies Code.  Under section 37.009, the
statute specifically provides that a court may award reasonable and necessary
attorney=s fees as are equitable and
just.  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).  Once a judge makes a decision on attorney=s fees in a declaratory judgment
action, the grant or denial of fees lies within the sound discretion of the
trial court and its judgment will not be reversed on appeal absent a clear
showing that it abused that discretion.  Texstar North America, Inc. v. Ladd Petroleum Corp., 809 S.W.2d 672, 679 (Tex. App.--Corpus Christi 1991, writ denied).  A close inspection of the record shows appellee filed no evidence of reasonable and necessary
attorney=s fees.  Absent any supporting evidence in the record,
the award of attorney=s fees was an abuse of discretion by the trial court. Sealy=s second issue is sustained.

Money judgments not conclusively
established








Sealy=s third issue on appeal urges that
the trial court erred in granting a money judgment to Guerrero without proper
summary judgment proof.  Here she refers
to the award of $2,500 and the prejudgment interest on $21,752.80.  Since there is no accounting attached to the
motion for summary judgment, the award of $2,500 appears to be an arbitrary
assignment of value to the personal property that Jan Sealy purportedly removed
from a storage locker.  No evidence
addresses the value, make and model, or age and condition of any of the
property.

The interest on $21,752.80 appears to
be drawn from the amount of the loan that decedent used to finance his
truck.  This amount does not speak to the
value of the truck as it was at the time of use by Jan Sealy.  Rather, it includes an unpaid portion of the
debt on a 1997 Ford, a number of fees, and the premium of the insurance policy
that ultimately paid the entire balance on the note.  The $18,095.13 cash price for the truck is
only part of this sum.  A party suing in
conversion is entitled to recover the value of the converted property at the
time of wrongful taking, and interest from that date.  International Freight
Forwarding, Inc. v. American Flange, 993 S.W.2d 262, 271 (Tex. App.--San
Antonio 1999, no pet.); Ochoa v. Evans, 498 S.W.2d 380, 386 (Tex. Civ. App.--El Paso 1973, no writ).  In this case, the evidence did not establish
that value. The third issue on appeal is sustained.

Conclusion

For the foregoing reasons, the
judgment of the trial court is affirmed as to the portion of the judgment
finding that Sealy had no right to the personal property, including 








the truck, owned by decedent=s estate.  The case is reversed and remanded for
proceedings consistent with this opinion as to attorney=s fees and money damages.

 

SUSAN
LARSEN, Justice

November 6, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 











[1]Among
other things, this list included two televisions, furniture, small appliances
like a blender and a toaster, and a filing cabinet with personal records.  Also listed are items taken from a house in
Houston, including a computer, a grill, and a toy motorcycle.