**Deny and Opinion Filed June 29, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00767-CV

### IN RE BOBBY DUNCAN, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-53157-2014**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Whitehill

Relator filed this petition for writ of mandamus in this suit affecting the parent-child relationship requesting that the Court order the trial court to vacate all orders signed by the trial court in the case with the exception of the temporary orders signed on January 9, 2015 and order the trial court to transfer venue pursuant to rule 258 of the Texas Rules of Appellate Procedure. The facts and issues are well-known to the parties so we do not set them forth at length.

Relator first argues that the trial court improperly treated a settlement agreement signed by the parties as a mediated settlement agreement and refused to allow relator to withdraw his consent. Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Appeal from final judgment

provides an adequate remedy for any complaint the relator may wish to assert with regard to the trial court's entry of judgment based on the settlement agreement.

Relator next argues that the trial court conducted hearings on January 9, 2015, March 20, 2015, and June 5, 2015 without proper notice to him as required under the Texas Rules of Civil Procedure and the Texas Family Code and without an order setting the matters considered at those hearing. With respect to the January 9, 2015 and March 20, 2015 hearings, the reporter's record from those hearings reveals that relator was present at both hearings[1] and did not object to the court's consideration of the matters that formed the subject of the hearing. "Equity is generally not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *In re Brown*, 277 S.W.3d 474, 482 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Because the mandamus record reflects relator failed to object based on lack of notice and because the mandamus record reflects relator participated in each of the hearings that are subject to his complaint of lack of notice, relator did not preserve any error regarding an alleged improper notice of the hearings. *Wyatt v. Furr's Supermarkets, Inc.,* 908 S.W.2d 266, 270 (Tex. App.—El Paso 1995, writ denied).

With respect to the June 5, 2015 hearing, relator has not included the reporter's record of the hearing within the mandamus record. The order signed by the trial court reflects that relator was present at the June 5, 2015 hearing, however, and relator has not included in the mandamus record any proof tending to establish that he voiced an objection at the hearing to consideration of the matters that the court took up. "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to

---

[1] In fact, relator was represented by counsel at the January 9, 2015 hearing regarding the settlement agreement.

provide the reviewing court with a complete and adequate record." *In re Le,* 335 S.W.3d 808, 813 (Tex. App.–Houston [14th Dist.] 2011, orig. proceeding) (footnote omitted). It is relator's burden to provide a record that supports granting mandamus relief. Absent an adequate record, we may not grant relief. *See* TEX. R. APP. P. 52.8.

Relator further complains that his rights under the Sixth Amendment of the United States Constitution were violated because he was not allowed to confront the witnesses against him at the hearing conducted on March 20, 2015. Relator's rights under the Confrontation Clause are not implicated in this civil case. *See* U.S. CONST. art. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."); *Cheng v. Zhaoya Wang,* 315 S.W.3d 668, 671 (Tex. App.—Dallas 2010, no pet.) ("there is no constitutional right to confrontation in a civil proceeding").

Relator finally complains of the trial court's handling of his motion to transfer venue under rule 258 of the Texas Rules of Civil Procedure. He requests that the trial court be ordered to grant his motion to transfer venue. The petition does not clearly articulate whether relator's complaint is that the trial court denied relator's motion to transfer venue or whether he complains that the trial court has not yet ruled on his motion. The mandamus record does not include a copy of an order denying his motion. To the extent that relator complains the trial court denied his motion to transfer venue, the mandamus record is not adequate to establish a right to relief. TEX. R. APP. P. 52.3(k)(1) (necessary contents of petition for writ of mandamus include certified or sworn copy of any order of which relator complains).

To the extent relator complains that the trial court has not yet ruled on the motion to transfer venue, the mandamus record does not suggest that in failing to act on relator's motion, the trial court has abused its discretion. *See Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.–

Houston [1st Dist.] 1992, orig. proceeding) (trial court has reasonable time within which to consider motion and rule).

Moreover, even if it were appropriate to compel the trial court to rule on the motion, it would not be appropriate to compel the trial court to transfer the case as relator requests. Mandamus will not lie to compel the trial court to rule a certain way on an issue involving judicial discretion. *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be.").

We deny the petition for writ of mandamus.

150767F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE